BRANDAU *v.* BRANDAU.

DIVORCE—ALIMONY—HOMESTEAD.

> In a decree divorcing complainant and her husband and awarding as alimony one-half the personal property which belonged to the husband and requiring her to deed to defendant the homestead held by the entireties on complainant's being paid $500, the provision for her should be increased by awarding to complainant all the household furniture and requiring a payment of $800 as a condition of the execution to him by her of the deed.

Appeal from Wayne; Donovan, J. Submitted April 13, 1911. (Docket No. 106.) Decided July 5, 1911.

Bill by Dorothea Brandau against Henry Brandau for divorce. From a decree awarding complainant alimony, she appeals. Modified and affirmed.

*Charles M. Hammond* (*McGregor & Bloomer*, of counsel), for complainant.

*Stellwagen & MacKay*, for defendant.

OSTRANDER, C. J. Complainant has appealed from so much of the decree of the court below as awards her alimony. The defendant is a mechanic. After the marriage of the parties in 1899, and up to the time they separated in 1908, they had accumulated the following prop-

erty, namely: Some household furniture, variously estimated to cost from $230 to $400 or $500, but to be worth now much less than its first cost, and a home, consisting of a piece of real estate and a dwelling, which cost $1,675 and is assessed, for the purposes of taxation, at the sum of $1,420, and the present value of which is stated by different witnesses to be from $1,550 to $2,000. The title to this property is held by the husband and wife by entireties. There are back taxes on this property amounting to $150. There is testimony tending to prove that considerable repairs must be made to the dwelling to make it properly habitable. There is one child, a daughter. The decree of the court below divides the household furniture and fixtures equally between the parties. It requires the complainant to execute to the defendant a deed to the real estate upon the payment by the defendant to the complainant of $500.

Without setting out the testimony, which we have reviewed with some care, we think, with respect to both of these provisions, the decree should be amended. It is stated in the briefs of counsel that since the decree was made the husband has voluntarily offered to pay to the complainant for a deed of the real estate the sum of $750. We are of opinion that the complainant should be awarded all of the household furniture and fixtures. We find a fair value of the real estate to be not less than $1,600, and are of opinion that complainant should be permitted to pay defendant $700 and receive from him a conveyance of his interest in the homestead, or, upon the payment to her of the sum of $800 by the defendant, to execute to him a deed conveying her interest therein. If within 30 days she shall not have exercised her option, the defendant shall be entitled, upon the payment to her of $800, to a conveyance of complainant's interest in the real estate.

In all other respects the decree below is affirmed. Appellant will recover the costs of this appeal.

BIRD, HOOKER, BLAIR, and STONE, JJ., concurred.